## CITY OF ZEPHYRHILLS, FLA., et al., v. UNITED STATES ex rel. FAUVRE.*
### No. 8570.

Circuit Court of Appeals, Fifth Circuit.
March 29, 1938.

*Rehearing denied May 4, 1938.

George C. Dayton, of Dade City, Fla., for appellants.

W. J. Bivens, of Tampa, Fla., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment directing the issuance of a peremptory writ of mandamus commanding the City of Zephyrhills, Fla., acting through its proper officers, to levy a tax sufficient to provide for the payment of a certain judgment obtained against the city upon its bonds and interest coupons. The bonds belong to a refunding series which were issued by the city under chapter 11855 of the Laws of Florida, Acts of 1927. The sole question for our decision is whether the writ commanded the city to make a levy in excess of its power to tax.

Section 19 of chapter 11327, Special Act of 1925, Laws of Florida, limited the taxing power of the City of Zephyrhills to 10 mills for its bonded indebtedness. Chapter 11855 aforesaid, a general act, authorized cities and towns to issue refunding bonds for the payment of which their full faith and credit should be pledged, and such. city or town was required to levy annually upon all property therein a sufficient tax to provide for the payment of said bonds and the interest thereon. March 1, 1929, the City of Zephyrhills issued the refunding bonds upon which appellee's judgment is based, reciting therein that they were issued pursuant to said chapter 11855 of the 1927 Laws of Florida. In the argument and briefs, the parties are in accord upon the legal question which arises upon this record. As stated by them, it is substantially as follows:

Is the special act so limiting the taxing power to 10 mills amended or superseded by the subsequent general refunding act in so far as such subsequent general act relates to bonds issued thereunder by the City of Zephyrhills?

This question is one which calls for the construction of a state statute. Since there is no doubt that, in enacting the statute, the state Legislature was acting within the scope of its constitutional powers, and since the problem before us is merely to ascertain the legislative intent, we are bound by the decisions of the highest court of the state. In these circumstances, our task has been lessened by a decision of the Supreme Court of Florida rendered since the instant case was argued and submitted. American Bakeries Co. v. City of Haines City, 180 So. 524, decided March 16, 1938. In. view of the full discussion of the subject of implied repeals of special charter provisions of municipalities by the court in that case, it is unnecessary for us to do more than refer to the principles therein announced as our reasons for holding, as we do, that the limitation of 10 mills upon the taxing power of the City of Zephyrhills is not applicable to refunding bonds issued under the authority of chapter 11855 of the Laws of Florida for 1927, since said limitation is in direct conflict with, and clearly repugnant to, the later requirement of the general act to levy a sufficient tax to provide for the payment of the refunding bonds and the interest thereon. Accordingly, the judgment of the District Court is affirmed.